1
2
3
4
5
6
7

8          **UNITED STATES DISTRICT COURT**

9          **SOUTHERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11 DAVID WAYNE WILSON,<br>CDCR #K-66474,<br><br>12<br>13                                    Plaintiff,<br>14<br>15                    vs.<br>16<br>17 D. PARAMO, Acting Warden; T. KABBAN-<br>MILLER, Chief Deputy Warden; ALAN<br>HERNANDEZ, Assoc. Warden;<br>18 G. SAVALA, Captain; E. GARCIA, Captain;<br>V. SOSA, Correctional Counselor;<br>19 A. ALLAMBY, Lieutenant; SUZAN L.<br>HUBBARD, Director of Adult Institutions;<br>20 GEORGE A. NEOTTI, X-Warden; SARA<br>MOLONE, Ombudsman of Dept. of<br>21 Corrections; D. FOSTON, Chief Inmate<br>Appeals; A. CHRISTIAN, Sergeant,<br>22<br>23                               Defendants. | Civil No.    11-1905 LAB (WVG)<br><br>**ORDER:**<br><br>**(1)  DENYING MOTION TO<br>PROCEED *IN FORMA PAUPERIS*<br>AS BARRED BY 28 U.S.C. § 1915(g)**<br><br>**[ECF No. 5]**<br><br>**AND**<br><br>**(2)  DISMISSING CASE FOR<br>FAILURE TO PAY FILING<br>FEE REQUIRED BY<br>28 U.S.C. § 1914(a)** |

24

25          Plaintiff, a state prisoner currently incarcerated at Richard J. Donovan Correctional

26 Facility ("RJD") and proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C.

27 § 1983.  Plaintiff seeks to sue a host of RJD and California Department of Corrections and

28 Rehabilitation officials on grounds that they retaliated against him and denied his rights to equal

1  protection, due process and to be free from cruel and unusual punishments in October 2010 and

2  July 2011 by inadequately responding to his complaints demanding the "recall" of RJD's Men's

3  Advisory Council ("MAC"), placing him in the Administrative Segregation Unit ("ASU"), and

4  conspiring to deny him witnesses, vitamins, protein supplements, eye drops, socks, underwear,

5  writing paper and recreational reading material.  *See* Compl. at 5-7.

6       Plaintiff has not prepaid the civil filing fee required by 28 U.S.C. § 1914(a); instead, he

7  has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [ECF

8  No. 5].

9                                          **I.**

10                              **Motion to Proceed IFP**

11      Section 1915 of Title 28 of the United States Code allows certain litigants to pursue civil

12  litigation IFP, that is, without the full prepayment of fees or costs.  28 U.S.C. § 1915(a)(2).

13  However, the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the

14  privilege to proceed IFP:

15           . . . if the prisoner has, on 3 or more prior occasions, while
             incarcerated or detained in any facility, brought an action or appeal
16           in a court of the United States that was dismissed on the grounds
             that it is frivolous, malicious, or fails to state a claim upon which
17           relief can be granted, unless the prisoner is under imminent danger
             of serious physical injury.

18

19  28 U.S.C. § 1915(g).  "This subdivision is commonly known as the 'three strikes' provision."

20  *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (hereafter "*Andrews*").  "Pursuant to

21  § 1915(g), a prisoner with three strikes or more cannot proceed IFP."  *Id.; see also Andrews v.*

22  *Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (under the PLRA,

23  "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP

24  status under the three strikes rule[.]").   The objective of the PLRA is to further "the

25  congressional goal of reducing frivolous prisoner litigation in federal court."  *Tierney v. Kupers*,

26  128 F.3d 1310, 1312 (9th Cir. 1997).

27  / / /

28  / / /

1  "Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were
2  dismissed on the ground that they were frivolous, malicious, or failed to state a claim,"
3  *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles
4  such dismissal as a denial of the prisoner's application to file the action without prepayment of
5  the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). Once a prisoner has
6  accumulated three strikes, he is prohibited by section 1915(g) from pursuing any other IFP action
7  in federal court unless he can show he is facing "imminent danger of serious physical injury."
8  *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP
9  complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of
10 serious physical injury' at the time of filing.").

11 **II.**

12 **Application of 28 U.S.C. § 1915(g)**

13     As an initial matter, the Court has carefully reviewed Plaintiff's Complaint and has
14 ascertained that there is no "plausible allegation" to suggest Plaintiff "faced 'imminent danger
15 of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28
16 U.S.C. § 1915(g)). As noted above, Plaintiff's pleading contains a litany of grievances and
17 comprises voluminous exhibits all cataloguing his attempts in 2010 to unseat fellow inmates
18 assigned to RJD's MAC based on allegations of racial discrimination. (Compl. at 5.) Plaintiff
19 contends that in reprisal for these grievances and other litigation activity, he was placed in ASU
20 in July 2011, denied access to confidential witnesses during a disciplinary hearing and subject
21 to various other restrictions on his access to medical "appliances" and the prison law library.
22 (*Id*. at 6-7.)

23     A court "'may take notice of proceedings in other courts, both within and without the
24 federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias
25 v. Moynihan,* 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.,* 285 F.3d
26 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens
27 Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992). Thus, this Court takes judicial
28 notice that Plaintiff David Wayne Wilson, aka David W. Wilson, CDCR #K-66474, has had at

least eight prior prisoner civil actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.

They are:

1)      *Wilson v. Yarbrough*, Civil Case No. 2:02-cv-08293-UA-RNB (C.D. Cal., West. Div.- Los Angeles Feb. 26, 2003 Order denying leave to proceed IFP and dismissing action as "legally and/or factually frivolous" [ECF No. 4]) (strike one);

2)      *Wilson v. Schwartz, et al.*, Civil Case No. 2:05-cv-01649-GEB-CMK (E.D. Cal. Sept. 26, 2006 Findings & Recommendations ("F&Rs") re Dismissal for failing to state a claim [ECF No. 24]); (E.D. Cal. October 31, 1006 Order Adopting F&Rs and Dismissing Action [ECF No. 26]) (strike two);

3)      *Wilson v. Veal, et al.,* Civil Case No. 2:06-cv-00067-FCD-KJM (E.D. Cal. May 8, 2007 F&Rs re Dismissal as frivolous and for failure to state a claim [ECF No. 9]); (E.D. Cal. June 4, 2007 Order Adopting F&Rs and Dismissing Action [ECF No. 11]) (strike three);

4)      *Wilson v. Dovey, et al.,* Civil Case No. 2:06-cv-01032-FCD-EFB (E.D. Cal. Dec. 20, 2006 F&Rs re dismissal of action for failing to state a claim [ECF No. 11]); (E.D. Cal. March 8, 2007 Order adopting F&Rs and dismissing action for failure to state a claim [ECF No. 13]) (strike four);

5)      *Wilson v. Zafra, et al.*, Civil Case No. 2:06-cv-01577-FCD-KJM (E.D. Cal. Sept. 19, 2008 Order and F&Rs that Defendants' Motion to Dismiss be granted for failing to state a claim [ECF No. 42]); (E.D. Cal. Oct. 31, 2008 Order Adopting F&Rs and Dismissing action for failing to state a claim [ECF No. 44]) (strike five);

6)      *Wilson v. Dovey, et al.,* Civil Case No. 2:06-cv-02553-JKS-EFB (E.D. Cal. Aug. 31, 2007 F&Rs re dismissal of action for failure to state a claim per 28 U.S.C. § 1915A [ECF No. 13]; (E.D. Cal. March 11, 2008 Order adopting F&Rs and dismissing action with prejudice for failure to state a claim [ECF No. 18]) (strike six);

7)      *Wilson v. Director of Adult Institutions, et al.,* Civil Case No. 2:08-cv-02904-WBS-GGH (E.D. Cal. March 25, 2009 Order and F&Rs re dismissal of action as "wholly
/ / /

1  frivolous [ECF No. 13]); (E.D. Cal. April 24, 2009 Order adopting F&Rs, dismissing action and

2  closing case) [ECF No. 19]) (strike seven); and

3        8)   *Wilson v. Fitter, et al.,* Civil Case No. 2:09-cv-01162-DDP-RNB (C.D. Cal.,

4  West. Div.- Los Angeles Nov. 5, 2009 Report & Recommendation ("R&R") to Grant

5  Defendants' Motion to Dismiss Third Amended Complaint for failure to state a claim pursuant

6  to FED.R.CIV.P. 12(b)(6) [ECF No. 31]); (C.D. Cal. Sept. 30, 2010 Order Adopting R&R and

7  Granting Motion to Dismiss action with prejudice [ECF No. 34]) (strike eight).

8        Accordingly, because Plaintiff has, while incarcerated, accumulated far more than the

9  three "strikes" permitted pursuant to § 1915(g), and he fails to make a "plausible allegation"

10 that he faced imminent danger of serious physical injury at the time he filed his Complaint, he

11 is not entitled to the privilege of proceeding IFP in this action.  *See Cervantes*, 493 F.3d at

12 1055; *Rodriguez*, 169 F.3d at 1180 (finding that 28 U.S.C. § 1915(g) "does not prevent all

13 prisoners from accessing the courts; it only precludes prisoners with a history of abusing the

14 legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v.

15 Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a

16 matter of privilege and not right.").[1]

17                                      **III.**

18                          **Conclusion and Order**

19       For the reasons set forth above, the Court hereby:

20       1)   **DENIES** Plaintiff's Motion to Proceed IFP [ECF No. 5] pursuant to 28 U.S.C.

21 § 1915(g);

22       2)   **DISMISSES** this action without prejudice for failure to pay the $350 civil filing

23 fee required by 28 U.S.C. § 1914(a), and

24 / / /

25

26       [1]  The Central District of California has also precluded Plaintiff from proceeding IFP pursuant
27 to 28 U.S.C. § 1915(g) absent allegations of "imminent danger of serious physical injury."  *See Wilson
   v. Haws*, Civil Case No. 2:07-cv-08019-UA-RNB (C.D. Cal., West. Div., Los Angeles Dec. 19, 2007
28 Order to Show Cause why request to proceed IFP should not be denied pursuant to 28 U.S.C. § 1915(g)
   [ECF No. 2]; (C.D. Cal. Feb. 12, 2008 Order Denying Plaintiff's Request to Proceed IFP pursuant to 28
   U.S.C. § 1915(g) [ECF No. 4]).

3)      **FURTHER CERTIFIES** that an IFP appeal from this Order would be frivolous and therefore, would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

The Clerk is instructed to close the file.

**IT IS SO ORDERED.**

DATED:  September 27, 2011

**HONORABLE LARRY ALAN BURNS**
United States District Judge